# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTONIO ALDAVA, #M-54728, ) ) ) Plaintiff, ) ) vs. ) ) ANDRE TAYLOR, ) ) Defendant. ) | Case No. 18-CV-551-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Antonio Aldava, an inmate currently housed at Menard Correctional Center, filed this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff claims that correctional officer Andre Taylor violated his constitutional rights while he was incarcerated at Southwestern Illinois Correctional Center ("SWICC")

This case is now before the Court for a preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

1

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Aldava was incarcerated at SWICC from October 22, 2015 through October 30, 2018. (Doc. 1, p. 5). According to the Complaint, Aldava submitted multiple grievances pertaining to Taylor's alleged misconduct. *Id.* Aldava generally alleges that Taylor harassed him in retaliation for filing the grievances. Specifically, he claims that on November 3, 2016, Taylor shook him down and took his personal property. He also claims that on May 3, 2017, Taylor commented on his history of filing grievances and singled him out for harassment. *Id.* An exhibit attached to the Complaint indicates that on May 3, 2017, Taylor told other inmates to avoid Aldava (because of his history of writing grievances), made comments about how in the past, he would have "snatch[ed] someone up," and directly confronted Aldava about his grievances in a way that intimidated and scared Aldava. (Doc. 1-2, pp. 9-10). Additional grievances attached to the Complaint indicate that after Aldava filed the grievance pertaining to Taylor, Taylor shook down his cell and bunk area, confiscated his prescription eyewear, and issued unjustified disciplinary tickets. (Doc. 1-2, pp. 14-15, 17-18). Aldava also alleges that on January 8, 2017, Taylor intentionally ran into him, bumping his arm. (Doc. 1, p. 5; Doc. 1-2, p. 12).

## Merits Review Under § 1915(A)

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

**Count 1 –** First Amendment claim against Taylor for responding to Aldava's grievances by issuing unjustified disciplinary tickets, taking his personal property, subjecting him to unjustified shakedowns, and/or harassing him.

**Count 2 –** Eighth Amendment claim against Taylor for subjecting Aldava to excessive force by intentionally bumping into Aldava's arm.

## Count 1

Prison officials may not retaliate against inmates for filing grievances, exercising First Amendment rights, or otherwise complaining about their conditions of confinement. *See, e.g., Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). A "prisoner can state a claim for retaliatory treatment by alleging a chronology of events from which retaliation can be inferred." *Jellis v. Hulick*, 422 F. App'x 548, 550 (7th Cir. 2011). However, the Seventh Circuit has rejected the notion that prisoners are *required* to allege a chronology of events at the pleading stage. *See McElroy v. Lopac,* 403 F.3d 855, 858 (7th Cir. 2005) ("we note that the district court required far too much of [the prisoner] in the first place. Our recent cases have rejected any requirement that an inmate allege a chronology of events in order to state a claim of retaliation because such a requirement is contrary to the federal rule of notice pleading."); *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) (prisoner need not allege a chronology of events

in order to state a claim for retaliation). "Instead, a plaintiff must allege only enough to put the defendants on notice and enable them to respond." *McElroy,* at 858. In this regard, allegations describing the defendant's retaliatory conduct and the constitutionally protected activity that motivated the retaliatory conduct are sufficient. *Id.*

Here, the Complaint sets forth sufficient allegations to support a retaliation claim against Taylor. According to the Complaint, in response to Aldava's grievance(s) addressing Taylor's alleged misconduct, Taylor took actions that were aimed at deterring Aldava from engaging in protected speech. Taylor allegedly subjected Aldava to unjustified shakedowns, confiscated Aldava's personal property without cause, issued unjustified disciplinary tickets, and/or singled Aldava out for verbal harassment. At this early stage, these allegations are sufficient to allow Count 1 to proceed against Taylor.

### **Count 2**

The intentional use of excessive force by prison guards against a prison inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010). In order to state such a claim, an inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.' " *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). An inmate need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id*. (the question is whether force was *de minimis*, not whether the injury suffered was *de minimi*s). In other words, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (quoting *Johnson v.*

4

*Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973*). See also Id.* ("The Eighth Amendment excludes minimal use of force from constitutional recognition, so long as it is not of a type that is 'repugnant to the conscience of mankind.'") (citing *Whitley v. Albers*, 475 U.S. 312, 327 (1986)); *Dewalt v. Carter*, 224. F.3d 607, 620 (7th Cir. 2000) (incidental bumping not enough to meet the constitutional threshold for excessive force); *Lunsford v. Bennett*; 17 F.3d 1574, 1582 (7th Cir. 1994) (finding that *de minimis* force was used when prison guard caused bucket to hit prisoner on the head).

Here, Aldava alleges that Taylor intentionally ran into him on a single occasion, bumping his arm. Even if Taylor bumped Aldava intentionally, the alleged use of force was *de minimis*, was not repugnant to the conscience of mankind, and does not state an Eighth Amendment claim. Accordingly, Count 2 will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## Pending Motions

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) shall be **REFERRED** to United States Magistrate Judge Reona J. Daly for disposition.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** shall receive further review and **COUNT 2** is dismissed without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, as to **COUNT 1**, the Clerk of the Court shall prepare for **TAYLOR**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of

Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Reona J. Daly** for further pre-trial proceedings, including disposition of Aldava's Motion to Recruit Counsel. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Daly** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 9, 2018**

s/ STACI M. YANDLE
**United States District Court Judge**